# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 04-3497

———————

United States of America,                  *
                                            *
          Plaintiff-Appellee,               *
                                            *   Appeal from the United States
     v.                                     *   District Court for the
                                            *   Southern District of Iowa.
Clinton Ossie Taylor, also known as         *
Larry McGee,                                *          [UNPUBLISHED]
                                            *
          Defendant-Appellant.              *

———————

Submitted:  March 15, 2005
Filed: June 7, 2005

———————

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Defendant Clinton Ossie Taylor ("Taylor") appeals a denial of his motion to suppress evidence of a firearm. We affirm.

On March 24, 2003, Officer Wissink ("Wissink") of Des Moines, Iowa, stopped Taylor as he was driving. Wissink observed Taylor committing two traffic violations: failing to stop at a stop sign and failing to wear a seat belt. In the process of conducting the stop, Wissink asked Taylor to exit the vehicle. As Taylor was stepping out of the car, Wissink observed the silhouette of a handgun fall down along

the light-colored pant leg of Taylor's trousers. Taylor was subsequently indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In district court,[1] Taylor filed a motion to suppress evidence of the firearm, arguing that the alleged traffic violations never occurred and that Wissink lacked probable cause to conduct the stop. Because "[a] traffic violation – however minor – creates probable cause to stop the driver of a vehicle," *U.S. v. Foley*, 206 F.3d 802, 805 (8th Cir. 2000) (quotations and citations omitted), the district court held that Officer Wissink had probable cause to stop Taylor. Taylor appeals.

"We must affirm the district court's denial of the motion to suppress unless it is not supported by substantial evidence on the record . . . or upon review of the entire record, [we] are left with the definite and firm conviction that a mistake has been made." *See United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995) (internal quotation and citation omitted).

Taylor contends that Wissink lied about the traffic violations and that the police regularly stop citizens in his neighborhood and harass or search them. Two witnesses testified in his favor. Lynette Johnson-Mustin, Taylor's sister-in-law, testified that she saw Taylor's entire interaction with Wissink and saw Taylor wearing his seat belt. Nathaniel Mustin (Lynette's husband) testified that he and others were regularly subject to unjustified stops and searches. Mustin also stated that Taylor always wore a seatbelt because of the known police practices in their neighborhood. Taylor notes that the district court's order on the motion to suppress essentially parrots Officer Wissink's testimony given at the suppression hearing. He contends

---

[1]The Honorable Ronald E. Longstaff, Chief Judge for the United States District Court for the Southern District of Iowa, presided over proceedings related to Taylor's motion to suppress.

that in light of the testimony provided by defense witnesses, the Government failed to meet its burden of proving that the traffic violations actually occurred.

We hold that the district court's decision to deny the motion to suppress was supported by substantial testimonial evidence. The district court received two different versions of the facts and ultimately chose to credit Wissink's testimony, which was not clear error. Indeed, a district court's credibility determination almost never constitutes "a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *Heath*, 58 F.3d at 1275. Since Taylor concedes that Wissink's testimony was plausible, and merely argues that the district court did not give adequate weight to the testimony of the defendant's witnesses, this exception does not apply.

AFFIRMED.

_____